By:   JERRY W. MOORE
      Plaintiff, *pro se*
865 Michigan Avenue, Apt. 313
Buffalo, New York 14203-1248
(716) 322-0019 (home)
(716) 310-8796 (mobile)
E-mail: moorejerry308@gmail.com



UNITED STATES DISTRICT COURT
FILED
MAY 19 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**Docket No. 22-cv-418** LJV

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERRY W. MOORE,

                    Plaintiff,


          -vs-


VALERIE J. VANDER WAL, Secretary,
Individual-capacity,
NEW YORK STATE
WORKERS' COMPENSATION BOARD
                    Defendant,
          and,
DANIEL SCOTT, Administrative Law Judge,
Individual-capacity,
NYS WORKERS' COMPENSATION BOARD
                    Defendant,
          and,
THOMAS GLYNN,
Individual-capacity,
LIBERTY MUTUAL INSURANCE, Inc.,
                    Defendant,
          and,
LETITIA A. JAMES,
Individual-capacity,
NEW YORK STATE ATTRONEY GENERAL,
                    Defendant.

---

## AMENDED COMPLAINT
## WITH A JURY DEMAND

14th. Amendment
to the U.S. Constitution.
          and,
  Title:  42 U.S.C. § 1983.
  Title:  42 U.S.C. § 1982.
          and,
  Title:  42 USC, Chap. 126
  Section §12112(b)(5)(A)-
  Discrimination.
  Title II of the ADA.

1

<u>AMENDED COMPLAINT</u>

This is an amended complaint concerning a complex, convoluted, and controverted claim filed by a *pro se* litigant for deprivation of rights under color of laws.

## **STATEMENT OF JURISDICTION**

Federal Question Jurisdiction:  Federal district courts have original jurisdiction over civil actions "arising under the U.S. Constitution, laws, or Section 1983 claim raises a federal question, such as an alleged violation of a constitutional right, a federal court may exercise jurisdiction over the case.

Diversity Jurisdiction: Section 1983 claims can also be brought in federal court based on diversity jurisdiction.

This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1345 and 42 U.S.C. 1981 and 42 U.S.C. 1983.

## **VENUE**

Venue is proper pursuant to 28 U.S.C. 1391 (b) and (c) because the claims alleged in this action arose in the Western District of New York, County of Erie.

## **"NATURE OF SUIT"**

The Plaintiff <u>JERRY W. MOORE</u> brings this complaint against the New York State Worker's Compensation Board (WCB), *et al*., for violation of Plaintiff's 14th Amendment Rights to Due Process. The WCB's Interlocutory Order (found prima facie medical evidence that Plaintiff's traumatic spinal cord injury is

work-related), yet an Administrative Law Judge (ALJ) denied the claim on the grounds "plaintiff failed to establish a correlation of his spinal cord injury and his employment". The Carrier's Notice of Controversy provided "no factual basis" for controverting the claim.

The Carrier failed and refused to secure the testimony of the Medical Expert Witness Dr. Emily Grisante who wrote the prima facie medical evidence evidencing a work-related spinal cord injury to ensure the WCB would DISALLOW the claim and deny the plaintiff, a Disabled African-American, award of benefits thereby denied plaintiff the due process of law promulgated by the 14th Amendment to the United States Constitution and,

The Defendant-Glynn *therein* provided this plaintiff with less justice and less award of compensation for benefits than afforded Caucasian claimants appearing before the New York State Workers' Compensation Board and therefore discriminated against the plaintiff based upon race and ethnic origin, in violation of Title 42 U.S.C. 1982.

Plaintiff appealed the interlocutory order as of right. CPLR 5701.
Under Title 42 U.S.C. 1983 of the Civil Rights Act, the plaintiff alleges that:

(a) The conduct complained of was committed by a person(s) acting under color of state law at all times mentioned, and

3

(b) The conduct of Defendants, at all times mentioned, deprived the plaintiff of

a constitutional right.

## PARTIES TO THIS ACTION:

### Plaintiff

1. Plaintiff <u>JERRY W. MOORE</u>, a 64-years-old African-American male and

totally and permanently 100% disabled person and have been confined to a

wheelchair ever since he suffered a traumatic spinal cord injury during the

performance of his duties at US Xpress Enterprises, Inc.

### Plaintiff Jerry w. Moore's Address is:

Jerry W. Moore
865 Michigan Avenue
Apt. 313
Buffalo, New York 14203
(716) 322-0019
E-mail: moorejerry308@gmail.com


### Defendant-1

2. Defendant <u>VALERIE VANDER WAL</u>, Secretary of the New York State

Workers' Compensation Board (WCB) is a state agency responsible for

administering workers' compensation benefits to eligible claimants in the

State of New York.

4

## Defendant -Vander Wal's Address is:

Office of the Secretary, Workers' Compensation Board
C/o: Valerie Vander Wal, Esq.
328 State Street, 4th Floor.
Schenectady, NY 12305
(518) 388-0568

### Defendant-2

3. Defendant <u>DANIEL SCOTT</u>, Administrative Law Judge. An Administrative Law Judge (ALJ) adjudicates cases involving workers compensation award of benefits to eligible claimants under New York Workers' Compensation Laws. Daniel Scott's Address is as follows:

## Defendant-Daniel Scott's Address:

New York State Worker's Compensation Board
Ellicott Square Building
295 Main Street
Suite 400
Buffalo, NY 14203
877-632-4996

<u>Defendant-3</u>

4. Defendant <u>THOMAS GLYNN</u> is an attorney representing the Carrier

"Liberty Mutual Insurance, Inc.," and "U.S. Xpress Enterprises, Inc."

### **Defendant -Thomas Glynn's Address:**

Law Offices of
Destine C. Santacrose
The Electric Tower
535 Washington Street,
Buffalo, N.Y. 14203
(716) 812-9982

<u>Defendant-4</u>

5. Defendant <u>LETITIA A. JAMES</u> is the Attorney General for the State of

New York. Defendant James is head of the Department of Law.

### **Defendant – Letitcia James  Address is:**

Office of the New York State Attorney General
The Capitol
Albany NY 12224-0341
1800-771-7755

6

<u>Previous Lawsuits Filed</u>

6.  In a "Letter to the Court and Plaintiff, the New York State Attorney
    General's Office indicated that the Attorney General's Office "refuses" to
    file a reply brief in the matter on appeal to the New York State Supreme
    Court.

7.  The Decision of the Workers' Compensation Law Judge dated, 04/06/2020
    and the Panel Board Decision dated, August 17, 2020, and the Full Board
    Decision dated, 10/07/2020, Disallowing His claim (claim no. G105-8871)
    Denied the plaintiff justice to have his issue(s) heard and ruled upon on their
    merits on appeal, as of right, has a disparate impact.

8.  The New York Court of Appeals dismissed, on its own motion, the
    plaintiff's workers' compensation claim on appeal, Mo. No. <u>2022-115</u> dated,
    May 24, 2022. App. No. <u>2022-7 (Pin No. 86317)</u>.

9.  The New York Court of Appeals' decision to dismiss the claim held that:
    "Under CPLR 5601 "no appeal lies as of right" from a unanimous decision
    of the Appellate Division".

10. The Plaintiff states that he did appeal the ALJ's Interlocutory Judgment, as
    of right: [Under "CPLR 5701(a)(1) – **Appeals as of Right**-- "Appeals from
    any final or interlocutory judgment except one entered subsequent to an

order of the appellate division which disposes of all the issues in the
action"].

11. Filed with the U.S. District Court for the WDNY a civil rights complaint
captioned, <u>Moore v. United States and Janet DiFiore,</u> <u>Chief Judge of the NY</u>
<u>Court of Appeals</u>. Filed on 06/02/22. Docket No. 22 -cv- 418 V. The U.S.
District Court for the WDNY granted plaintiff permission to proceed as a
poor person and further granted leave to amend the complaint dated, May
08, 2023.

### STATEMENT OF THE CLAIM

Defendant Valerie Vander Wal

12. **Defendant <u>VALERIE J. VANDER WAL's</u>** conduct in ignoring prima
facie medical evidence and, the incomplete "Notice of Controversy" filed by
the "Carrier" Mr. Glynn Thomas that failed to present a "factual basis" to
controvert the claim was reckless or callously indifferent to the federally
protected rights of the plaintiff. According to <u>12 NYCRR 300.37,</u> in order to
be provided with a hearing and, also, to prevail on a controverted claim for
New York State Workers' Compensation Benefits, the claimant is required
to present a medical report referencing an injury at <u>(2)(ii)(c)</u>. However,
<u>Defendant Vander Wal</u>'s strict requirements and the discriminatory and
unfair interpretations, application, and enforcement of 12 NYCRR

8

300.37(2)(ii)((c) and 12 NYCRR 25(2)(a) or (b) or section 300.22(d)(3),

leaves an African-American claimant at a loss and disadvantage because

being an African-American claimant, Defendant Vander Wal

**acted under color of laws** to violate plaintiff's constitutional rights by

"holding a African-American claimant to a higher standard of proof of *prima*

*facie medical evidence* evidencing a workplace injury" than the standards

Defendant-Vander Wal holds for members of the Caucasian race, in order

for plaintiff to prevail on his claim and be awarded benefits, in violation of

Title 42 U.S.C. 1982 and, in violation of the Sixth Amendment's *Equal*

*Protection Clause* and *the Due Process Clause* of the 14th Amendment.

13. The Defendant Vander Wal allowed the "Carrier" – Liberty Mutual

Insurance, Inc., to present a "Notice of Controversy" without submitting a

"factual basis" for controverting the claim thus denied the plaintiff of the

Equal Protection of the Laws and the Compulsory Clause of the Sixth

Amendment to the U.S. Constitution and, in violation of the Due Process

Clause of the 14th Amendment to the U.S. Constitution.

14. The Workers' Compensation Board (WCB) injected "conjecture" and

"speculation" into their interpretation of the plaintiff's spinal cord injury

during their deliberation and decision-making and prejudiced the plaintiff's

chances of establishing a meritorious claim for award of benefits.

The **Panel Board** said: ("Plaintiff hurt his spinal cord while sleeping in bed").

15. Defendant <u>Vander Wal</u> did *impermissibly* allow for the Attorney for the Carrier Liberty Mutual Insurance, Inc., to file an "Incomplete Notice of Controversy" with no "factual basis" for controverting the claim.

16. The Panel Board for the NY Workers' Compensation Board further said: there is no evidence in the file of Dr. Gary Wysocki being Subpoenaed to give testimony which is totally "FALSE" trier of facts and false *trier of the evidence*. <u>Defendant Vander Wal</u> is responsible for administering workers' compensation benefits to eligible claimants in the State of New York.

17. Defendant Vander Wal is holding Plaintiff to "a higher standard of proof" of prima facie medical evidence to establish that his spinal cord injuries are work-related and violated the Due Process Clause where plaintiff has a reasonable expectation of prevailing on a controverted claim for an award of benefits once he provided the WCB with Prima Facie Medical Evidence evidencing a work-related spinal cord injury under 12 NYCRR 300.37(2)(ii)(c). Where the higher standard of proof is not promulgated to the public then, Plaintiff's *Due Process* rights are violated, in violation of the 14th Amendment to the U.S. Constitution and the *Compulsory Process Clause* of the Sixth Amendment to the U.S. Constitution.

18. Defendant Vander Wal denied the plaintiff of workers' compensation award of benefits after he presented prima facie medical evidence evidencing a work-place spinal cord injury he is otherwise eligible to receive. The (PFME) written by Medical Dr. Emily Grisante has not been controverted therefore, plaintiff should have been awarded benefits under the NYS Workers' Compensation Laws and in light of the Interlocutory Judgment of <u>ALJ Defendant-Scott</u> finding sufficient evidence of PFME).

19. Defendant <u>Vander Wal</u> denied plaintiff Workers' Compensation award of benefits for "Repetitive Motion" or Repetitive Stress" Syndrome of heavy lifting on the job injuries, in violation of the <u>New York Workers'</u> <u>Compensation Laws 28</u>. As a Matter of Law, under New York Workers' Compensation Laws, the plaintiff has a right to obtain benefits for injuries, they are "inextricably intertwined". The overexertion injuries from excessive lifting, pulling, bending, carrying, throwing, pushing, or straining sustained by the plaintiff while performing his duties on the job. Multiple dates of injury cannot be apportioned. Thereby, Defendant Vander Wal violated plaintiff's due process rights and the equal protection of the laws of New York and the federal constitution.

20. Defendant <u>Vander Wal</u> exclude individuals with disabilities from participation in and denying them the award of benefits of services,

programs, or activities of a public entity on the basis of being African-American and disability, in violation of Title II of the ADA, 42 U.S.C. 12132, and its implementing regulation, 28 CFR 35.130(a):

c) excludes members of a protected group and qualified individuals with disabilities an opportunity to have their appeal heard and a ruling on the merits of the appeal and to participate in legal an economic benefits, awards, and services, but that do not exclude members of the Caucasian race, in violation of Title II of the ADA, 42 U.S.C. 12132 and 28 CFR 35.130(b)(1)(ii).

### Defendant Daniel SCOTT

21. **Defendant DANIEL SCOTT's** Interlocutory Order (Finding Sufficient Prima Facie Medical Evidence of Injury) PFME.

22. Defendant Scott then willfully and intentionally acted **under color of laws** to discriminate against plaintiff by *suppressing* the potential testimony of the Medical Expert Witness Dr. Emily Grisante (the medical doctor who wrote the *prima facie* medical report evidencing a work-related spinal cord injury) to ensure this claim to DISALLOW, in violation of the *"Compulsory Process Clause"* of the Sixth Amendment to the U.S. Constitution.

23. Defendant Scott does not provide a fair interpretation of the NYCRR and Workers' Compensation Laws for award of benefits to African-Americans

12

as he does fairness in adjudication of award of benefits for Caucasian -

Americans appearing before the Board, in violation of Title 42 U.S.C. 1982.

24. Defendant Scott DISALLOWED the plaintiff's claim indicating that:
("plaintiff had no evidence of causal relationship or PFME"), in violation of
the *Compulsory Process Clause* of the Sixth Amendment and the 14th
Amendment *Due Process Clause* of the U.S. Constitution. The plaintiff
appealed to the WCB Panel and the FULL BOARD. Claim DISSALOWED.

25. That Defendant-Scott provided this plaintiff (a disabled, African-American
and, *pro se*) with less of a "Fair Hearing" and, less justice and less award of
compensation for benefits than afforded to Caucasian claimants appearing
before the New York State Workers' Compensation Board Hearing and
therefor discriminated against the plaintiff based upon race and ethnic origin,
and disability, in violation of Title 42 U.S.C. 1982 and the Americans with
Disabilities Act of 1990.

26. The Defendant-Scott failed and refused to secure the testimony of the
potential Medical Expert Witness Dr. Emily Grisante who wrote the prima
facie medical evidence evidencing a work-related spinal cord injury to
ensure that plaintiff could not prevail and be awarded WCB and that He
(ALJ) would DISALLOW the claim and deny the plaintiff, a Disabled
African-American, award of benefits and a Fair Hearing thereby denied

plaintiff the Due Process of Law promulgated by the 14th Amendment to the United States Constitution and,

27. **Defendant THOMAS GLYNN** filed an "Incomplete Notice of Controversy" with no "factual basis" for controverting the claim plaintiff is otherwise eligible and qualified for benefits pursuant to 12 NYCRR 300.37(2)(ii)(c), because plaintiff has in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution.

28. Defendant Glynn did willfully and intentionally discriminate against plaintiff by suppressing the potential testimony of the Expert Witness Dr. Emily Grisante (the medical doctor who wrote the *prima facie* medical report evidencing a work-related spinal cord injury) to ensure this claim to DISALLOW, in violation of the *"Compulsory Process Clause"* of the Sixth Amendment to the U.S. Constitution.

29. On colloquy with the Administrative Law Judge Defendant Glynn "admitted" that: ("Dr. Grisante did sign the prima facie medical evidence dated, 5-31-16"). See, Tr. Tr. at (A-410); thereby, violated the *Compulsory Process Clause* of the Sixth Amendment and the *Due Process Clause* of the 14th Amendment to the U.S. Constitution and plaintiff's rights.

30. By Defendant Thomas Glynn's was bias towards plaintiff and discriminated against him by Defendant-Glynn's refusal to secure the expert testimony of

Dr. Emily Grisante thereby denied plaintiff a fair hearing and due process of

law and:

31. by <u>Defendant-Glynn</u> filing of a defective "Notice of Controversy" to the

New York State Workers' Compensation Board that failed to present a

"factual basis" for controverting the claim, Defendant -Glynn was bias

towards plaintiff because he is an employee of U.S. Xpress, Inc., and Liberty

Mutual Insurance is the Carrier for US Xpress, Inc., and as such, Defendant-

Glynn discriminated against him by knowingly and willfully filing a

defective "Notice of Controversy" and presented no "factual basis" to

controvert the claim to ensure the claim be DISALLOWED, in violation of

Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities

Act (ADA) that prohibit discrimination in the workplace. These laws protect

employees from discrimination based on protected characteristics, including

race, color, national origin, sex, religion, age, disability, and other factors.

32. Defendant-Glynn did make an inquiry to the plaintiff concerning whether he

was receiving (SSI) benefits or not? Once Defendant-Glynn learned plaintiff

is receiving (SSI) benefits then, he has no desire to award workers'

compensation benefits to the plaintiff because he was already receiving

Supplemental Security Income (SSI), in violation of Title VII of the Civil

Rights Act of 1964 and the Americans with Disabilities Act (ADA) that

prohibit discrimination in the workplace. *Again*, these laws protect employees from discrimination based on protected characteristics, including race, color, national origin, sex, religion, age, disability, and other factors.

33. That, (a) by Defendant-Glynn suppressing the plaintiff's ability to secure the Expert Testimony of Dr. Emily Grisante, who wrote the *prima facie medical evidence report* (evidencing plaintiff's spinal cord injury is work-related), the plaintiff was denied Compulsory Process under the Sixth Amendment to the United States Constitution and denied Due Process of Law under the 14th Amendment to the U.S. Constitution

34. (b)  That, by Defendant-Glynn knowingly and willfully filed with the WCB an Incomplete "Notice of Controversy" that "failed to present the "factual basis" for controverting the claim to ensure that plaintiff, is disabled, *pro se* and African-American and Defendant-Glynn is a Caucasian attorney therefor provided this plaintiff with less justice and less award of compensation for benefits than afforded Caucasian claimants appearing before the New York State Workers' Compensation Board and therefore discriminated against the plaintiff based upon race and ethnic origin, in violation of Title 42 U.S.C. § 1982.

35. **Defendant LETITIA A. JAMES** -The Attorney General is both the "People's Lawyer" and the State's chief legal officer. As the "People's

Lawyer," the Attorney General serves as the guardian of the legal rights of the citizens of New York, its organizations, and its natural resources.

36. Defendant <u>James</u>, **acting under color of laws**, to deprive plaintiff of his constitutional rights, in actions and proceedings, "failed to guard the legal rights of Plaintiff (*Moore*) an **African-American** citizen of the State of New York" by refusal to file a reply brief to the New York State Supreme Court, Appellate Division.

37. Defendant Janes failed to or refused to enforce the New York Code of Rules and Regulations 12 NYCRR § 300.1 and 12 NYCRR § 300.37, as it relates to an African-American plaintiff's claim for award of benefits, in violation of the *Equal Protection Clause* and the *Compulsory Process Clause* of the Sixth Amendment to the U.S. Constitution and violation of Title 42 U.S.C. § 1982.

38. Defendant <u>James</u> would have joined-in the claim had plaintiff been a "Caucasian" male. Had Plaintiff Moore been a "Caucasian male" then, of course, the outcome would have been different, and the "Caucasian male" would have been provided protection by the NY Attorney General's Office against "unfair" actions of a state agency against its' citizens, in violation of Title 42 U.S.C. § 1982.

39. Defendant **James** is creating and perpetuating policies and practices that allow racial disparities to exist in its New York Criminal Justice System without enforcement, denied plaintiff the *Equal Protection Clause* of the Laws, in violation of the Sixth Amendment and violated the *Due Process Clause* of the 14th Amendment to the U.S. Constitution and violation of Tile 42 U.S.C. § 1982. ("... to enjoy the same rights and privileges as white persons...")

## STATEMENT OF FACTS

40. The plaintiff has exhausted all administrative remedies prior to the filing of this complaint.

41. The plaintiff brings this cause of action against the Workers' Compensation Board (WCB) for violating the plaintiff's constitutional rights under the 14th Amendment to the United States Constitution by denying the plaintiff's workers' compensation claim without providing a fair hearing and due process. The plaintiff contends that the WCB's denial of the claim despite prima facie medical evidence of work-relatedness constitutes a violation of the plaintiff's rights to due process.

42. Plaintiff was hired by U.S. Xpress Enterprises, Inc., in September 2015 as a professional over-the-road truck driver with a "Class -A" driver's license from the State of New York.

18

43. In Mid-October of 2015, the plaintiff sustained a traumatic spinal cord injury while performing work-related duties of heavy lifting as an employee of US Xpress, Inc. While lifting four gallons of bleach from over-head and twisting the body, the plaintiff injured his spinal cord but was totally unaware of the seriousness of his back injury.

44. On or about February 4, 2016, the Plaintiff filed a claim for workers' compensation benefits with the WCB, providing medical evidence indicating that the injury was work-related, (Claim no. G105-8871).

45. On February 12, 2016, the Veterans Medical Center made an Emergency Transport of the plaintiff to the Buffalo General Emergency Room Hospital for emergency surgery for a "spinal cord laminectomy" procedure.

46. The WCB conducted an investigation and entered an Interlocutory Judgment (finding prima facie medical evidence that plaintiff's injury was work-related).

47. The Administrative Law Judge (ALJ) suppressed the Expert Witness Dr. Emily Grisante from providing her testimony as Dr. Grisante wrote the medical opinion that ("…plaintiff's spinal cord injury is work-related").

48. However, an Administrative Law Judge (ALJ) denied plaintiff's claim on the grounds that "plaintiff failed to establish a correlation of his spinal cord injury and his employment".

49. Defendant THOMAS GLYNN (a)  failed to file "Notice of Controversy" with the New York State Workers' Compensation Board and the Carrier provided no "factual basis" to controvert the claim; (b) Defendant-Glynn willingly suppressed the Medical Expert Witness Dr. Emily Grisante' Testimony who wrote the prima facie medical evidence report to aid in DISALLOWING the plaintiff's claim for award of benefits.

50. Plaintiff finds "a sufficient nexus between the state and the challenged action of the private entity so that the action of the latter may fairly be treated as that of the State of New York itself" because the government "delegate[d] its authority to the private actor."

51. The WCB "knowingly accept[ed] the benefits derived from unconstitutional behavior.

52. Plaintiff appealed the ALJ's decision as of Right under CPLR § 5701(a)(1), which provides for appeals from final or interlocutory judgments.

53. Plaintiff's appeal was based on the WCB's violation of 12 NYCRR § 300.1 and 12 NYCRR § 300.37, which require the WCB to provide claimants with a fair hearing and due process before denying their claims.

54.  Pursuant to Title 12 NYCRR § 300.37(2)(ii)(c), Dr. Emily Grisante's "Medical Narrative" referencing a work-related spinal cord injury has not been refuted or controverted by the Carrier, Liberty Mutual Insurance.

55. The WCB's failure to provide plaintiff with a fair hearing and due process, as required by the 14th Amendment to the United States Constitution, has resulted in a violation of plaintiff's constitutional rights.

56. The WCB impermissibly allowed an affirmation (not verified by oath that the medical report of Dr. Gary Wysocki (PA) is true under penalty of perjury) to "out-weigh" prima facie medical evidence referencing a work-related spinal cord injury and prejudiced plaintiff as the non-verified affirmation of a medical report carried-over and had great weight and affected the outcome of the hearing, in violation of his due process rights under the 14th Amendment to the United States Constitution.

57. The WCB denied plaintiff's workers' compensation award of benefits for "Repetitive Stress" of heavy lifting, even though plaintiff has a medical report from a medical doctor referencing a workplace injury along with an Interlocutory Judgment (Indicating the plaintiff has prima facie medical evidence), in violation of the Compulsory Clause of the Sixth Amendment and the Due Process Clause of the 14th Amendment to the United States Constitution.

58. Under New York State's Workers' Compensation Laws, the plaintiff has a right to obtain benefits for injuries sustained due to "Repetitive Motion" or "Repetitive Stress" Syndrome of heavy lifting on the job.

59. The New York Court of Appeals failed and refused to rule on the merits of the Interlocutory Judgment on Appeal as of Right. CPLR § 5701(a)(2), in violation of the Plaintiff's 14th Amendment Due Process Rights and amounts to a denial of access to courts.

60. By the WCB denying and disregarding and suppressing the prima facie medical evidence, the WCB has effectively denied this plaintiff his right to present his claim fully, thus violating his due process rights. The denial and suppression of crucial evidence hinders the development of a fair and unbiased decision-making process, undermining the very essence of due process protection. Thus, the WCB's decision-making process directly impedes and injured the plaintiff's ability to obtain necessary medical treatment, financial compensation, and other benefits he is entitled to under the law.

61. Defendant-Letitia James refused to file a reply brief with the New York State Supreme Court, Appellate Division relating to the claim for workers' compensation award of benefits thus, failed to protect the Disabled African-American Claimant from governmental agency's deprivation of statutory and constitutional right of plaintiff because (1) excludes individuals with disabilities from participation in and denying him the benefits of the Workers' Compensation Board's Award of Benefits, programs, or medical

treatment, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its

implementing regulation, 28 C.F.R. § 35.130(a);

(2) Defendant James' policies, practices, procedures and regulations and

interpretation of 12 NYCRR § 300.37 and 12 NYCRR § 300.1 have a

<u>disparate impact</u> and <u>disparate treatment</u> of plaintiff and excludes members

of a protected group and qualified individuals with disabilities an

opportunity to have a fair hearing to have their appeal heard and ruled upon

based on the merits of the claim and to participate in legal and economic

benefits, awards, and services of a court of law that are equal to those

benefits and awards afforded to members of the Caucasian or ("white") race,

in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R.,

§ 130(b)(1)(ii);

(3)  otherwise limit member of a protected group and qualified individuals

with a disability in the enjoyment of any right, privilege, advantage, or

opportunity enjoyed by others (Caucasians) receiving the workers'

compensation award of benefits, medical treatment, and services, in

violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R.

§130(b)(1)(ii).

## "CLAIM FOR RELIEF"

62. *Firstly*, the 14th Amendment Due Process Clause of the United States

Constitution ensures that no state shall "deprive any person of life, liberty, or

property, without due process of law."  This clause establishes the principle

that individuals have a fundamental right to a fair and impartial hearing,

particularly in matters of significant personal interest, such as workers'

compensation claims.

### **FIRST CAUSE OF ACTION**

**Violation of the 14th Amendment Due Process Rights.**

63. The Plaintiff claims that the WCB's DISALLOW of the workers'

compensation claim for award of benefits without providing a fair hearing

and due process violated the plaintiff's rights under the 14th Amendment to

the United States Constitution.

64. The Plaintiff claims that the WCB's denial of the workers' compensation

claim without providing a fair hearing and due process violated the

plaintiff's rights under the 14th Amendment to the United States

Constitution. The plaintiff contends that the WCB's action to "disregard"

*prima facie medical evidence* impedes or thwarts his claim and amounts to a

"suppression of *prima facie medical evidence* evidencing a workplace spinal

cord injury affecting the outcome of the proceedings where the prejudice

24

resulted in denial of workers' compensation award of benefits, in violation

of the due process clause.

65. The New York Court of Appeals (**state-action**) failed and refused to rule on

the merits of the Interlocutory Judgment and the Prima Facie Medical

Evidence of Dr. Emily Grisante for fear of awarding a "windfall of profits to

an African-American citizen, in violation of the NY State Constitution's due

process clause and the 14th Amendment.  CPLR § 5701(a)(1)- **Appeals as of**

**Right**, by the NYS Court of Appeals, *on its own motion*, DISMISSING the

plaintiff's claim for relief, this plaintiff was *denied* his First Amendment

Right to the United States Constitution to "Petition the Government for a

Redress of His Grievances," denied Access to Court to have his claim heard

and a ruling made on the merits of the Interlocutory Judgment of the

Administrative Law Judge, on Appeal- **as of Right**, and therein *denied*

plaintiff due process of law, in violation of the Due Process Clause of the

14th Amendment to the United States Constitution and violation of the New

York State Constitution, Article I, Section § (6) *"No person shall be*

*deprived of life, liberty or property without due process of law."*

66. The WCB's denial of plaintiff's workers' compensation claim without

providing a fair hearing and due process violated plaintiff's rights under the

14th Amendment to the United States Constitution.

67. The WCB's denial of Plaintiff's claim despite prima facie medical evidence of work-relatedness constitutes a violation of Plaintiff's rights under the 14th Amendment to the United States Constitution to Due Process.

68. The WCB further violated the plaintiff's due process rights by failing to consider the plaintiff's (*claimant's*) medical evidence of work-relatedness and failing to provide a rational basis for denying the claim. The WCB's decision was arbitrary and capricious.

69. The Plaintiff contends that the WCB's action to "*disregard*" prima facie medical evidence impedes or thwarts his claim and amounts to a "suppression of prima facie medical evidence" affecting the outcome of the proceedings where the prejudice resulted in denial of workers' compensation award of benefits, in violation of the *due process* clause.

70. The WCB impermissibly allowed an affirmation (not verified by an oath that the medical report of Dr. Gary Wysocki (*PA*) is true under penalty of perjury) to "out-weigh" prima facie medicine evidence referencing a work-related back injury and prejudiced plaintiff as the non-verified affirmation of a medical report carried great weight and affected the outcome of the hearing.

71. The WCB denied plaintiff workers' compensation award of benefits for "repetitive stress" of heavy lifting, even though plaintiff has a medical report

from a medical doctor referencing a workplace injury along with an

Interlocutory Order (indicating the plaintiff has prima facie medical

evidence.

72. Under New York State's Workers' Compensation Laws, the plaintiff has a

right to obtain benefits for injuries sustained due to "Repetitive Motion" or

"Repetitive Stress" Syndrome of heavy lifting on the job. It does not matter

if you have one injury or multiple injuries, they are "inextricably

intertwined". The overexertion injuries from excessive lifting, pulling,

bending, carrying, throwing, pushing, or straining sustained by the plaintiff,

while on the job, is compensable under <u>New York Workers' Compensation</u>

<u>Law § 28.</u>

73. The NY Court of Appeals failed and or refused to Rule on the Merits of the

Interlocutory Order on Appeal as of Right. CPLR § 5701(a)(2), in violation

of Plaintiff's 14th Amendment Due Process Rights; Denial of Access to

Court.

74. The NY Court of Appeals failed and or refused to Rule on the Merits of the

Interlocutory Order on Appeal as of Right. CPLR § 5701(a)(2), in violation

of Plaintiff's 14th Amendment Due Process Rights; Denial of Access to

Courts.

75. **State-action**. The State of New York has failed to adequately train its governmental agencies employees concerning the federally protected rights and race relations thus was approximate cause that resulted in the **state-actors'** "recklessly, intentionally, or gross negligence" and "miscarriage of justice" and deprivation of plaintiff's constitutionally protected rights to due process of law, thereby denied plaintiff the Equal Protection and Compulsory Process of Law under the Sixth Amendment and in violation of the Due Process Clause under the 14th Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION
### Violation of 12 NYCRR § 300.1 and 12 NYCRR § 300.37.

76. The WCB's denial of Plaintiff's claim violates 12 NYCRR § 300.1, which requires that all claims for compensation shall be promptly considered and determined, thereby denied plaintiff the Equal Protection and Compulsory Process of Law under the Sixth Amendment and in violation of the Due Process Clause under the 14th Amendment to the United States Constitution.

77. The WCB's denial of Plaintiff's claim also violates 12 NYCRR § 300.37, which requires that the Board shall accept as true any prima facie medical evidence of work-relatedness.

28

78. The practice by the <u>State of New York</u> governmental agencies (WCB) created a burden on a fundamental right or disadvantage for this plaintiff.

79. Plaintiff has suffered damages as a result of the WCB's violation of 12 NYCRR § 300.1 and 12 NYCRR § 300.37.

80. Plaintiff has suffered damages as a result of the NY Court of Appeals refusal to rule on the merits of the Interlocutory Order referencing a work-related back injury, on appeal as of right.

## <u>THIRD CAUSE OF ACTION</u>:
### Violation of 12 NYCRR § 25(2)(a) or (b) or NYCRR § 300.22(d)(3).

81. The State of New York (WCB) and Liberty Mutual Insurance, Inc., presented no factual basis for controverting this claim to justify the denial of an award of lawful workers' compensation benefits. No "Factual Basis" for Controverting the Claim: 12 NYCRR § 25(2)(a) or (b) or NYCRR § 300.22(d)(3), thereby denied plaintiff the Equal Protection and Compulsory Process of Law under the Sixth Amendment and in violation of the Due Process Clause under the 14th Amendment to the United States Constitution.

82. The Carrier's Notice of Controversy fails to comply with NY Workers Compensation Law 12 NYCRR § 25(2)(a) or (b) or section § 300.22(d)(3).

In that, the notice of controversy is incomplete and fails to provide a

**"factual basis"** for the Insurance Carrier's controverting the claim, thereby

denied plaintiff the Equal Protection and Compulsory Process of Law under

the Sixth Amendment and in violation of the Due Process Clause under the

14th Amendment to the United States Constitution.

## **FOURTH CAUSE OF ACTION**

### Defendant Daniel Scott

83. Defendant Daniel Scott at-all-times mentioned **acted under color of state**

laws to deprive the plaintiff a *"Fair Hearing"* to adequately present his

claim for award of benefits at the Workers' Compensation Board hearings

and deprived plaintiff of his Due Process of Law rights under the 14th

Amendment and the Equal Protection and Compulsory Process of the Sixth

Amendment to the United States Constitution.

84. Defendant <u>Daniel Scott's</u> conduct in ignoring *prima facie medical evidence*

after the Law Judge **Scott** (*made a finding of sufficient prima facie medical*

*evidence for the hearings to proceed*) <u>12 NYCRR § 300.37(2)(ii)(c)</u>, the

Hearings Judge Scott did thereafter "suppress" the potential Medical Expert

Witness Dr. Emily Grisante from providing Testimony concerning the

PFME report she narrated therefor <u>Defendant-Scott</u> "knowingly" and

"willfully" and was *reckless* or *callously* indifferent to the federally

protected rights of a Disabled African-American (*a member of an insular and protected group*), in violation of the Due Process Clause and violated the plaintiff's constitutional rights to due process of law and Title 42 U.S.C. §1982.

85. Additionally, Plaintiff relies on the proposition that, "if the statute New York CPLR § 5701(a)(1) and (a)(2)- **Appeal as of Right** and (12 NYCRR §300.1) and (12 NYCRR § 300.37 at: (2)(ii)(c) and (12 NYCRR § 309.1(i)) cannot operate as it purports to operate then, it does not operate at all." Plaintiff does not think that it can be presumed to mean to give to all persons a right to present prima facie medical evidence referencing an injury in support of a claim for benefits in cases of a controverted claim and simultaneously disregard the PFME at the same time to make a more limited grant that it attempts, in violation of the Due Process Clause and plaintiff's *due process* rights to a fair hearing and, in violation of the 14th Amendment to the United States Constitution.

86. Defendant Daniel Scott (should have) *recused* himself as the Administrative Law Judge Entertaining plaintiff's claim, as appearance of Impropriety for his involvement and continuous legal advice to Plaintiff Jerry W. Moore's attorney Mary Walek, *esq.*, in the Matter of People v. Jerry W. Moore, 5 NY3rd, 725 (2005). Based upon the New York Rules of Professional

Conduct 22 NYCRR § 1200.00 and (see Jud. Law § 499-a) therefore Defendant Scott prejudiced plaintiff and had prior *animus* towards Mr. Moore.

87. Moreover, <u>Defendant Scott</u> should have recused himself because of the sexual-in-nature rendezvous Scott had with Mary Walek **(the plaintiff's live-in girlfriend)**.

88. Defendant Scott should have recused himself because he admitted to the "Carrier" Defendant-Thomas Glynn at the Hearings that ["he does know Mary Walek and that they use to work together"].

89. By Defendant Scott's refusal to recuse himself then, the plaintiff was deprived of a "fair hearing" and denied him of the Due Process of Law, in violation of the Equal Protection of the Sixth Amendment to the United States Constitution and, in violation of the 14th Amendment to the United States Constitution.

### FIFTH CAUSE OF ACTION
Defendant Letitia James

<u>Title II of the Americans with Disabilities Act,
42 U.S.C. 12132 and 12203(b) and its implementing
regulation 28 C.F.R. 35.130(g)</u>

90. <u>Defendant-Letitia James</u> is the NYS Attorney General. As the "People's Lawyer," the Attorney General serves as the guardian of the legal rights of

the citizens of New York. Defendant James is "Duty-bound" to protect all New York State Citizens, including Disabled African-Americans seeking workers' compensation of award of benefits. **Defendant James failed to protect this plaintiff** against governmental agencies' deprivation of his constitutional rights.

91. Defendant-Letitia James, *at all times mentioned*, **acted under color of state laws** to deprive the plaintiff of the equal protection of the laws where Defendant-James refused to file a reply brief with the New York State Supreme Court, Appellate Division relating to the claim for workers' compensation award of benefits thus, failed to protect the Disabled African-American Claimant from governmental agency's deprivation of statutory and constitutional right of plaintiff because (a) excludes individuals with disabilities from participation in and denying him the benefits of the Workers' Compensation Board's Award of Benefits, programs, or medical treatment, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(a);

(b) Defendant James' policies, practices, procedures and regulations and interpretation of 12 NYCRR § 300.37 and 12 NYCRR § 300.1 and 390.1(i) have a disparate impact and disparate treatment of plaintiff and excludes members of a protected group and qualified individuals with disabilities an

opportunity to have a fair hearing to have their appeal heard and ruled upon

based on the merits of the claim and to participate in legal and economic

benefits, awards, and services of a court of law that are equal to those

benefits and awards afforded to members of the Caucasian or ("white") race,

in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R.,

§130(b)(1)(ii);

92.(c)  otherwise limit member of a protected group and qualified individuals

with a disability in the enjoyment of any right, privilege, advantage, or

opportunity enjoyed by others (Caucasians) receiving the workers'

compensation award of benefits, medical treatment, and services and,

deprived plaintiff with a disability from fully participating in and benefitting

from the New York State Workers' Compensation Board Hearings Process

to adequately present his claim FULLY and FAIRLY, therein denied him

access and reasonable accommodation to present prima facie medical

evidence evidencing a work-place *traumatic* spinal cord injury, in violation

of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 130(b)(1)(ii), in

violation of the Due Process Clause and violated the plaintiff's constitutional

rights to due process of law.

93. Defendant **James** is creating and perpetuating policies and practices that

allow racial disparities to exist in its New York Criminal Justice System

34

without enforcement, denied plaintiff the *Equal Protection Clause* of the Laws that is afforded to members of the Caucasian race, in violation of the Sixth Amendment and violated the *Due Process Clause* of the 14th Amendment to the U.S. Constitution and violation of Tile 42 U.S.C. §1982. ("… to enjoy the same rights and privileges as white persons…").

94. This Plaintiff relies on the proposition that, if the statute NY CPLR 5701(a)(1) and (a)(2)- **Appeal as of Right** and (12 NYCRR § 300.1) and (12 NYCRR § 300.37 at: (2)(ii)(c) and (12 NYCRR § 309.1(i)) cannot operate as it purports to operate then, it does not operate at all. Plaintiff does not think that it can be presumed to mean to give to all persons a right to present prima facie medical evidence referencing an injury in support of a claim for benefits in cases of a controverted claim and simultaneously disregard the PFME at the same time to make a more limited grant that it attempts, in violation of the Due Process Clause and plaintiff's *due process* rights to a fair hearing and, in violation of the 14th Amendment to the United States Constitution.

95. Plaintiff does not have the same rights as enjoyed by white citizens thereof to be awarded workers' compensation benefits, medical treatment, and financial aid, in violation of the New York State Constitution, Article 1,

Section § (11) and the 14th Amendment to the United States Constitution and Title 42 U.S.C. § 1982.

96. Had Defendant James treated plaintiff with the same rights, privileges awards and benefits afforded to members of the Caucasian race then, plaintiff would have been ALLOWED a workers' compensation claim for award of benefits plaintiff is otherwise eligible and qualified to receive under law, in violation of Title 42 U.S.C. § 1982 and, in violation of the Due Process Clause and violated the plaintiff's constitutional rights to due process of law.

INCONCLUSION, it is plaintiff's contention that the Defendant(s) conduct and acts **"under color of law"** infringes upon the fundamental rights guaranteed by the 14th Amendment Due Process Clause, which guarantees fair treatment and procedural safeguards to all individuals, *but that*, such guarantees have not been met in this case.

**"I declare under the penalty of perjury that the above is true and correct."**
Dated:  May 19, 2023.

Very truly,

*Jerry W. Moore*

JERRY W. MOORE
865 Michigan Avenue
Apt. 313
Buffalo, New York 14203
(716) 322-0019
E-mail: moorejerry308@gmail.com

<u>Prayer for Relief</u>

**WHEREFORE**, plaintiff respectfully request and prays that this Court:

A. Enter a judgment declaring that the WCB's denial of plaintiff's workers' compensation claim was unconstitutional and violated plaintiff's rights under the 14th Amendment to the United States Constitution.

B. A declaration that the WCB's denial of Plaintiff's claim constitutes a violation of Plaintiff's 14th Amendment Due Process rights and 12 NYCRR § 300.1 and 12 NYCRR § 300.37.

C. Order the WCB to provide plaintiff with a new hearing that complies with the requirements of due process.

D. Award damages in an amount to be determined at trial.

E. Award appropriate monetary damages, pursuant to 42 U.S.C. 3614(c) and 3614(d)(1)(B), to each person harmed by Defendants' discriminatory acts and conduct and practices; and

F. Assess a civil penalty against each of the Defendants in the maximum amount authorized by 42 U.S.C. 3614(d)(1)(C), to vindicate the public interest.

G. Award plaintiff reasonable attorney fees and or legal fees and costs

associated with this action.

H. Grant such other and further relief as the Court deems just and proper.

**"I declare under the penalty of perjury that the above is true and correct."**

Dated:  May 19, 2023.

Very truly,

Jerry W. Moore
865 Michigan Avenue
Apt. 313
Buffalo, NY 14203
(716) 322-0019
E-mail: moorejerry308@gmail.com